UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x **MEMORANDUM AND ORDER**

GUILLERMO RIVERA,                      Case No. 11-CV-4387 (FB)

            Petitioner,

    -against-

UNITED STATES OF AMERICA,

           Respondent.
---------------------------------------------------------------x

*Appearances:*
*For the Petitioner:*
GUILLERMO RIVERA, *pro se*
c/o SEBASTIAN RIVERA
7066 Tuscanni Drive
Macungie, PA 18062

*For the Respondent:*
LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
BY:   BRENDAN G. KING, ESQ.
       JEFFREY RABKIN, ESQ.
       Assistant United States Attorneys
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Petitioner Guillermo Rivera ("Rivera"), appearing pro se, seeks to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, his petition is denied.

**I**

Following his guilty plea to a single count indictment, Rivera was convicted of conspiracy to import heroin into the United States, in violation of 21 U.S.C. § 952(a). The Court then sentenced him to 70 months' imprisonment, to be followed by five years of supervised release, and a special assessment of $100. The Second Circuit affirmed Rivera's conviction and sentence following his appeal. *See United States v. Rivera*, 391 F. App'x 85 (2d Cir. 2010).

In bringing this petition Rivera claims that his trial counsel, Eric Franz, Esq., was ineffective in the following ways: (1) failing to file with the Court suppression motions relating to post-arrest statements and a search; (2) failing to point out inaccuracies in the Pre-Sentence Report at the time of sentencing; (3) failing to move to dismiss the indictment because Rivera was not charged as a chemist and the criminal docket number was subsequently changed; and (4) failing to present character evidence at sentencing and to petition the government for discovery.

## II

To prevail on his ineffective assistance of counsel claims Rivera must show "(1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that as a result he suffered prejudice." *United States v. Jones*, 482 F.3d 60, 76 (2d Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "A reviewing court must indulge a strong presumption that counsel's [performance] falls within the wide range of reasonably professional assistance." *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004). Prejudice is shown only if "there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different." *Wiggins v. Smith*, 539 U.S. 510, 534 (2003).

Rivera first contends that his counsel was ineffective in failing to file suppression motions to exclude his post-arrest statements and the products of a government search. Specifically, Rivera asserts that his post-arrest statements were obtained without his having been advised of his Miranda Rights, and that the search was illegally performed without a

warrant.  Mindful of these allegations, the Court finds that counsel's decision not to file suppression motions was a reasonable one since Rivera waived any right to file or pursue such suppression motions upon entering his guilty plea. *See United States ex rel. Glenn v. McMann*, 349 F.2d 1018, 1019 (2d Cir. 1965) ("A voluntary guilty plea entered on advice of counsel is a waiver of all non-jurisdictional defects in any prior stage of the proceedings against him."); *see also People v. Alfone*, 615 N.Y.S.2d 110, 111 (3d Dep't 1994) (holding defendant's guilty plea waived his argument that evidence resulting from an allegedly illegal arrest "should have been suppressed"). Furthermore, the plea transcript indicates that Rivera was well-aware of such consequences prior to and upon entering his guilty plea. *See* Plea Tr. at 14-17 (indicating understanding that a guilty plea would relieve the government of its burden of proving guilt, and that he would be confessing to his guilt as to the charge in the indictment). Similarly, as Rivera has not demonstrated that such suppression motions would have been successful or had any impact on his proceeding, he is likewise unable to establish the requisite prejudice. *See United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005) (a choice to not raise a futile objection does not render trial counsel's performance constitutionally ineffective).

Rivera next argues that his counsel erred in failing to bring to the Court's attention certain inaccuracies in the Pre-Sentence Report ("PSR").  He first contends that the PSR was incorrect with respect to its Guideline calculation, his role in the conspiracy, the amount of drugs at issue, and the length of time of his participation in the conspiracy. Contrary to Rivera's claims, counsel did in fact raise these issues with the Court—both in his

3

sentencing submission dated May 27, 2009 as well as during Rivera's actual sentencing. *See* Resp. Opp'n Br. Ex. C; Sentencing Tr. at 6-11 (June 3, 2009). Furthermore, the Court ultimately sentenced Rivera to a term that was below the advisory guideline range of 87-108 months, and refrained from making an upward role adjustment. Accordingly, on these grounds Rivera is unable to demonstrate that his attorney's actions were unreasonable or that he ultimately received ineffective assistance of counsel.

Rivera's reply submission also sets forth a number of additional discrepancies in the PSR that he contends his counsel should have fixed — including that rather than making "an agreement" to import drugs, he "made a commitment," and that he provided counsel with copies of income tax returns, business cards, and receipts from business activities which counsel should have presented during sentencing. Upon review, the Court finds that Rivera's assertions as to his counsel's lack of action are contradicted by the record, and that as to the remaining outlined discrepancies, Rivera cannot overcome the "strong presumption that. . . the challenged action might be considered sound trial strategy" due to the lack of relevance of these discrepancies to the sentencing factors under consideration. *Strickland*, 466 U.S. at 690 (internal quotation marks omitted); *see also Wiggins*, 539 U.S. at 534 (prejudice demonstrated only where there exists "a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different.").

Rivera next claims that his counsel was ineffective in not moving to dismiss the indictment because the government erroneously referred to him as a chemist during his pleading and in the PSR, yet the indictment did not charge him with such a role. A review of Rivera's sentencing transcript reveals that counsel did in fact bring to the Court's attention

4

the government's mis-characterization of Rivera as a chemist. *See* Sentencing Tr. at 9-11. Counsel explained that "what we have really is nothing other than your garden variety courier of a person that assisted in the delivery of drugs," an explanation which the Court accepted and the government did not dispute. *See id.* Thus, Rivera cannot establish that counsel's actions were unreasonable or that he suffered prejudice as a result of such actions.

Rivera also argues that his counsel was ineffective in failing to move to dismiss the indictment because the criminal docket number in his case was subsequently changed. This argument is meritless as the docket number did not change—rather Rivera only believes this to be the case because the number on the complaint for his arrest warrant differs from the docket number listed on the indictment. Regardless, he has not explained how a change in the docket number, even if true, adversely impacted the proceedings. As Rivera has not demonstrated that his counsel's actions were unreasonable or that he suffered prejudice, he has not established ineffective assistance of counsel on these grounds. *See Strickland*, 466 U.S. at 687.

Finally, Rivera claims he received ineffective assistance of counsel because his attorney failed to present character evidence during sentencing and did not seek discovery from the government. This first assertion is meritless—the record demonstrates that his counsel did in fact present character evidence—both in the sentencing submission to the Court and during Rivera's actual sentencing. This character evidence included thirteen character letters from Rivera's family and friends, as well as evidence of Rivera's history as a legitimate businessman established in part through business cards and phone records sent by his ex-wife to counsel. *See* Resp. Opp'n Br. Ex. C; Sentencing Tr. at 12. Thus, Rivera cannot establish that

5

counsel was ineffective by failing to present character evidence.

Regarding the argument that counsel was ineffective in failing to seek discovery from the government, the Court finds that Rivera likewise has not met the requisite standards. Rivera knowingly chose to enter a guilty plea prior to receiving discovery in the case because the government had indicated that it planned to have him returned to state court for sentencing in an open proceeding unless he pled to the federal crime in an expedited manner. *See* Resp. Opp'n Br. Exs. D, E. As explained to him by counsel, if Rivera were sentenced in state court prior to being sentenced in the federal matter, this would have elevated his criminal history category and eliminated him from eligibility for safety valve relief (entitling him to avoid a 10-year mandatory minimum and receive a reduction in his Guideline computation). Counsel also explained that the guilty plea would waive Rivera's right to further discovery in the matter, yet Rivera nonetheless subsequently chose to enter a guilty plea. In light of the circumstances, the Court cannot conclude that counsel's actions were unreasonable. *See Strickland*, 466 U.S. at 690 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."). Furthermore, Rivera does not indicate how obtaining additional discovery would have affected the outcome of his proceeding, and thus neither can he establish prejudice. *See Wiggins,* 539 U.S. at 534. Accordingly, Rivera has not met his burden of demonstrating ineffective assistance of counsel on this last ground. *See Torres-Cuesta v. United States*, 2010 WL 3928588, at *6 (E.D.N.Y. Sept. 30, 2010) (denying claim that "counsel was ineffective for failing to provide additional discovery" because, as his attorney had explained, petitioner "waived the right to additional discovery by entering into the Plea Agreement," and

6

petitioner likewise failed to "point[] to any exculpatory discovery that would have been obtained.").

### III

For the foregoing reasons, Rivera's motion to vacate his sentence pursuant to § 2255 is denied. As he has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

                                            FREDERIC BLOCK
                                            Senior United States District Judge

Brooklyn, New York
January 22, 2013